Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Ideavillage Products Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP, | CIVIL ACTION No. ___ |
| *Plaintiff* | |
| v. | |
| 60676, AANITAAI, ABIMIE, AIR SUPPLY, AKAHO, AMEISHENGHUOPIN, ANDYHUA, ASDASDW, AUTHERSUGER, BABY'S BREATH 121, BALL43, BCXL5130@163.COM, BEAUTY STYLE LINE, BEISHU STORE, BEST CHINA PRODUCTS, BEYOND_2015, BIGWORLDLITTLETHINGS, BLUE POETRY SHOP, BOLUOPAI, BREATH AND LIFE, BSDGDFSGVCG, BYOBCREW, CHENXU XIAO HUO, CHENYOU89, CICISSSHOP, COKEYCOKEY, CONGCC, CUEON, DASHICHANGQING, DDORISS, DIENC, DINGDINGDANGDANG, DONGGUANBANGCHANGCOLTD, DONGHAITIANMAICOLTD, DONGKAO FASHION, DOW SHOULD, FADE AWAY, FAIRCHILD_56, FANSER, FANYUJIE, FASHION BABY 2014, FASHION ELECTRONIC WORLD, FORNEWCUSTOMER, FORTUNE SHEEP, GOODFLY, GOODHOUSES, GUANGZHOUXINYUECOLTD, HANDXYUE, | **COMPLAINT**<br><br>**Jury Trial Requested**<br><br>**FILED UNDER SEAL** |

HANGZHOUPENGJINCOLTD, HAOYUNLAILAI, HAPPY HOST STORE, HAPPY20180408, HEART OF UTOPIA, HONESTY ABC, HONGMASHOP168, HSLSILE87, HUALINUXIE, HUANGLING99, HUIMEI, HWLABC, IHOMETOWN, INFINITE, JARTTO, JAZZ, JDFKLH, JIEHERO, JINGZHOUXINGRUICOLTD, KUBUQINUO, LANYINGFEI, LEIDANSHOP, LEIYANTUWEI, LIANMING1954, LINFUZHANG763, LINXUETU, LIUFENGHOME, LIUYAN131415, LOUISE JAN, LOVE1314520, LOYALTY TO PERFECT, LQFALEX, LUNAGLO, LUOBOTOUJEWELRY, LUOYANJIAF, LUXURIOUS SISTER'S BEAUTY AND SKIN CARE, MAJIANGPING, MALAHUOGUOMALAHUOGUO, MENGHUANHAPPY, MIAOMIAOLI357, MILAIWEI, MINERCOM, MIRANDAKERR, MISS QH, MK DISCOUNT, MOBILE YOURSELF, MOLLY DRESS ADORNMENT, MONITING, MUMAWAI, NALE, NASHION ONE., NEW MONEY, NEWDV, NIHAOWIO, NINEXIS, NINGBOAIRUICOLTD, NIUNIUZI, NOBABOLEN, OGYA, PASSQUARTET, PERFECT1, PLSHOP, PROVE YOURSELF WITH YOUR OWN HANDS, QINGSHECHENYI, QINQIN XUEXIA, QINWAYANGZHIJIDI, QUENTSKY, QXIANJUNJUNQ, RAYRHAY, REFINESTORE, ROSE YANG, ROSEBLOOM, ROSEFLOSER, SANGEJINZHIYAO, SANGGUN, SEYOLO, SHENLIQIN1122, SHENZHEN CMJ ELECTRONIC CO,LTD, SHENZHEN EMALL, SHENZHENSHITIANLANGSHIJIKEJIYOUXIAN GONGSI, SHENZHENSHITIANSHIDILIZHONGBIAOYOU XIANGONGSI, SHENZHENTONGYANYISHUNMAOYIYOUXIA NGONGSI, SHUPING2233, SKYFOLLY, SMILEPASTA, SPORTS WHOLESALER, SPRING2015, SSS123, STRAIGHT BUY, SUN JIU FAN, SUNRISESUPERMARKET, SUNYOUNGER, SUPERVIRTUE88, SUPER_SUN, SUPPERRICH, THREE CAT, TONYTONGIOS, TYRUEIGB, UKLISS, UKLISS BEAUTY, ULRICA11, USJE TRADING, VICKA4387, WANBAOSHANGPU, WANGBOYI1360, WANGHANSUANG, WANGHL288, WANGLI93, WANGWANG278,

WEIAJ, WU'S BOUTIQUE, WULONG, WUMIAOYUN, WUYHTBS, W_BEAUTIES, XIANDUIYUJIAN, XIAOER SHOP, XIAOHUIHUI, XIAOHUITU, XIAOXILONGAIWAN, XINGHAO66, XINXIN666, XUEFENXUEHUAMEI, XUJINGBAOBAO, YANGGUANGCHAONAN, YANGSHITING11, YAO PAN DENG, YIQIWANSHUA, YONG NAN HOUSE, YOUNGEST-L, YOYO123, ZAI YONG, ZDD, ZERLAR, ZHANGXIAOMENG, ZHONGMAMAOYI123, ZHONGYUANGONGSI, ZHOU YI YI, ZHUTOUXIAOLIZIAIPING AND ZUOJIEXIANG678,

*Defendants*

### GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or "Ideavillage"** | Ideavillage Products Corp. |
| **Defendants** | 60676, Aanitaai, Abimie, Air Supply, Akaho, ameishenghuopin, andyhua, asdasdw, authersuger, Baby's Breath 121, ball43, bcxl5130@163.com, Beauty style line, beishu store, Best China products, beyond_2015, bigworldlittlethings, Blue Poetry shop, boluopai, Breath and Life, BSDGDFSGVCG, BYOBCREW, chenxu xiao huo, chenyou89, cicissshop, CokeyCokey, CONGCC, cueon, dashichangqing, Ddoriss, dienc, dingdingdangdang, dongguanbangchangcoltd, donghaitianmaicoltd, DongKao Fashion, Dow should, Fade away, Fairchild_56, FANSER, fanyujie, Fashion baby 2014, Fashion electronic world, fornewcustomer, Fortune sheep, goodfly, goodhouses, guangzhouxinyuecoltd, handxyue, hangzhoupengjincoltd, haoyunlailai, Happy Host store, happy20180408, Heart of Utopia, HONESTY ABC, hongmashop168, HSLsile87, hualinuxie, huangling99, huimei, HWLABC, Ihometown, Infinite, Jartto, JAZZ, jdfklh, Jiehero, jingzhouxingruicoltd, kubuqinuo, lanyingfei, Leidanshop, LEIYANTUWEI, lianming1954, linfuzhang763, linxuetu, liufenghome, liuyan131415, Louise jan, Love1314520, Loyalty to Perfect, lqfalex, lunaglo, LuobotouJEWELRY, luoyanjiaf, Luxurious sister's beauty and skin care, majiangping, malahuoguomalahuoguo, menghuanhappy, miaomiaoli357, milaiwei, minercom, MirandaKerr, Miss QH, MK Discount, Mobile Yourself, Molly Dress Adornment, moniting, mumawai, nale, nashion one., new money, NEWDV, nihaowio, NINEXIS, ningboairuicoltd, niuniuzi, NOBABOLEN, OGYA, passquartet, perfect1, plshop, Prove yourself with your own hands, qingshechenyi, qinqin xuexia, qinwayangzhijidi, quentsky, qxianjunjunq, Rayrhay, refinestore, Rose Yang, Rosebloom, rosefloser, sangejinzhiyao, sanggun, SEYOLO, shenliqin1122, Shenzhen CMJ Electronic Co,Ltd, Shenzhen Emall, shenzhenshitianlangshijikejiyouxiangongsi, shenzhenshitianshidilizhongbiaoyouxiangongsi, shenzhentongyanyishunmaoyiyouxiangongsi, shuping2233, skyfolly, SmilePasta, Sports Wholesaler, |

|  | spring2015, sss123, Straight Buy, sun jiu fan, sunrisesupermarket, sunyounger, supervirtue88, super_sun, SupperRich, three cat, tonytongios, tyrueigb, ukliss, Ukliss Beauty, Ulrica11, USJE Trading, vicka8387, wanbaoshangpu, wangboyi1360, wanghansuang, wanghl288, wangli93, wangwang278, weiaj, Wu's Boutique, wulong, wumiaoyun, wuyhtbs, W_Beauties, xianduiyujian, xiaoer shop, xiaohuihui, xiaohuitu, xiaoxilongaiwan, XINGHAO66, Xinxin666, xuefenxuehuamei, xujingbaobao, yangguangchaonan, yangshiting11, yao pan deng, yiqiwanshua, Yong Nan House, youngest-L, Yoyo123, ZAI YONG, ZDD, Zerlar, zhangxiaomeng, Zhongmamaoyi123, zhongyuangongsi, ZHOU YI, zhutouxiaoliziaiping and zuojiexiang678 |
|---|---|
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms |
| **New York Address** | 105 Avenue B, Apt 4B, New York, New York 10009 |
| **Complaint** | Plaintiff's Complaint filed on July 12, 2019 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on July 12, 2019 |
| **Lombardo Dec.** | Declaration of LoriAnn Lombardo in Support of Plaintiff's Application |

| Arnaiz Dec. | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| --- | --- |
| Yamali Dec. | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| MicroTouch Marks | U.S. Trademark Registration No. 2,884,308 for the wordmark "MICROTOUCH" for goods in class 8, U.S. Trademark Registration No. 4,183,150 for the wordmark "MICROTOUCH MAX" for goods in Class 8, U.S. Trademark Registration No. 4,937,115 for the wordmark "MICROTOUCH ONE" for goods in Class 8, U.S. Trademark Registration No. 4,582,646 for the wordmark "MICROTOUCH SWITCHBLADE" for goods in Class 8, U.S. Trademark Registration No. 4,749,480 for the wordmark "TOUGH BLADE" for goods in Class 8 and U.S. Trademark Registration No. 5,302,508 for the wordmark "MICROTOUCH SOLO" for goods in Class 8 |
| MicroTouch Works | U.S. Copyright Reg. PA-1-982-402, covering the MicroTouch One Commercial, U.S. Copyright Reg. VA-1-892-726, covering the MicroTouch One Packaging and Instructions, U.S. Copyright Reg. VA-2-000-181, covering the MicroTouch One Packaging Artwork, U.S. Copyright Reg. VA-2-000-168, covering the MicroTouch One Website,  U.S. Copyright Reg. PA-2-074-126, covering the MicroTouch Solo Commercial, U.S. Copyright Reg. VA-2-090-848, covering the MicroTouch Solo Packaging Artwork, U.S. Copyright Reg. VA-2-100-827, covering the MicroTouch Solo Website, U.S. Copyright Reg. PA-1-982-398, covering the MicroTouch Sonic Groom Commercial, U.S. Copyright Reg. VAu-1-142-294, covering the MicroTouch Switchblade Packaging and Instructions, U.S. Copyright Reg. VA-2-014-181, covering the MicroTouch Tough Blade (6 month blade replacement) Packaging Artwork, U.S. Copyright Reg. PA-1-928-588, covering the MicroTouch Tough Blade Commercial, U.S. Copyright Reg. VA-1-945-485, covering the MicroTouch Tough Blade Packaging, U.S. Copyright Reg. PA-2-090-398, covering the MicroTouch Toughblade Pro Commercial, U.S. Copyright Reg. VA-2-129-501, covering the MicroTouch Toughblade Pro Packaging Artwork and Instructions and U.S. Copyright Reg. VA-2-136-738, covering the MicroTouch Toughblade Pro Website |
| MicroTouch Products | Ideavillage's line of personal hair removal tools, marketed and sold under Ideavillage's distinct |

| | MicroTouch family of trademarks, namely, MICROTOUCH MAX, MICROTOUCH ONE, MICROTOUCH SWITCHBLADE, TOUGH BLADE and MICROTOUCH SOLO |
|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the MicroTouch Marks and/or MicroTouch Works, and/or products in packaging and/or containing labels and/or hang tags bearing the MicroTouch Marks and/or MicroTouch Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the MicroTouch Marks and/or MicroTouch Works and/or products that are identical or confusingly or substantially similar to the MicroTouch Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or |

| | real or personal property of Defendants |
|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

Plaintiff, a New Jersey corporation, by and through its undersigned counsel, alleges as follows:[1]

## NATURE OF THE ACTION

1.      This action involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims, arising from the infringement of the MicroTouch Marks and MicroTouch Works, including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of Plaintiff's MicroTouch Products by Defendants.

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C.

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary.

§§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.      Personal jurisdiction exists over Defendants in New York pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York, and/or derive substantial revenue from their business transactions in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York such that Defendants should reasonably expect such actions to have consequences in New York, for example:

a.      Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Wish as well as any and all as yet undiscovered User Accounts, through which consumers in the U.S., including New York, can view one or more of Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.      Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective User Accounts, using their Merchant Storefronts to manufacture, import, export, advertise, market, promote,

distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

      c.    Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address.

      d.    Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

      e.    Upon information and belief, Defendants are aware of Plaintiff, its MicroTouch Products, MicroTouch Marks and MicroTouch Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in New York.

4.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in New York.

## THE PARTIES

5.    Plaintiff is a corporation organized and existing under the laws of the State of New Jersey and has its principal place of business at 155 Route 46 West, Wayne, New Jersey 07470.

6.    Upon information and belief, Defendants are merchants on the Wish.com online marketplace platform, which, upon information and belief, is owned by ContextLogic, Inc., a Delaware corporation with a principal place of business at One Sansome Street, 40th Floor, San Francisco, CA 94104, through which Defendants offer for sale and/or sell Counterfeit Products.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known MicroTouch Products

7.     Plaintiff is a leading developer, producer, marketer and distributor of quality, innovative consumer products.  Ideavillage promotes and sells its products through national direct response television commonly called "As See On TV." Plaintiff also promotes and sells its ASOTV products at the retail level at well-known mass retail outlets, including, without limitation: Wal-Mart, Target Stores, Bed Bath & Beyond, Toys R Us, Rite-Aid, CVS and Walgreens; through catalog companies; online, through its own website and its retail customers' websites; as well as through a network of international distributors, among other channels of trade.

8.     One of Plaintiff's most popular and successful brands is a line of personal hair removal tools marketed and sold under Plaintiff's distinct MicroTouch family of trademarks, namely, MICROTOUCH, MICROTOUCH MAX, MICROTOUCH ONE, MICROTOUCH SWITCHBLADE, TOUGH BLADE and MICROTOUCH SOLO. Images of the MicroTouch Products are attached hereto as **Exhibit A** and incorporated herein by reference.

9.     Plaintiff's line of MicroTouch Products has achieved great success since their initial introduction.

10.     While Plaintiff has gained significant common law trademark and other rights in its MicroTouch Products, through use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark registrations.

11.     Plaintiff is the owner of U.S. Trademark Registration No. 2,884,308 for the wordmark "MICROTOUCH" for goods in class 8, U.S. Trademark Registration No. 4,183,150 for the wordmark "MICROTOUCH MAX" for goods in Class 8, U.S. Trademark Registration No. 4,937,115 for the wordmark "MICROTOUCH ONE" for goods in Class 8, U.S. Trademark

4

Registration No. 4,582,646 for the wordmark "MICROTOUCH SWITCHBLADE" for goods in Class 8, U.S. Trademark Registration No. 4,749,480 for the wordmark "TOUGH BLADE" for goods in Class 8 and U.S. Trademark Registration No. 5,302,508 for the wordmark "MICROTOUCH SOLO" for goods in Class 8.  True and correct copies of the registration certificates for the MicroTouch Marks are attached hereto as **Exhibit B** and incorporated herein by reference.

12.     In addition to the channels described above, Plaintiff also markets the MicroTouch Products on its own website, https:www.ideavillage.com, as well as through its websites specific to the various MicroTouch Products.

13.     The MicroTouch Products typically retail between $10.00 and $19.99.

14.     The MicroTouch Marks are currently in use in commerce in connection with the MicroTouch Products.  The MicroTouch Marks were first used in commerce on or before the date of first use as reflected in the registrations attached hereto as Exhibit B.

15.     In addition, Plaintiff also owns both registered and unregistered copyrights related to the MicroTouch Products.

16.     Plaintiff is the owner of U.S. Copyright Reg. PA-1-982-402, covering the MicroTouch One Commercial, U.S. Copyright Reg. VA-1-892-726, covering the MicroTouch One Packaging and Instructions, U.S. Copyright Reg. VA-2-000-181, covering the MicroTouch One Packaging Artwork, U.S. Copyright Reg. VA-2-000-168, covering the MicroTouch One Website, U.S. Copyright Reg. PA-2-074-126, covering the MicroTouch Solo Commercial, U.S. Copyright Reg. VA-2-090-848, covering the MicroTouch Solo Packaging Artwork, U.S. Copyright Reg. VA-2-100-827, covering the MicroTouch Solo Website, U.S. Copyright Reg. PA-1-982-398, covering the MicroTouch Sonic Groom Commercial, U.S. Copyright Reg. VAu-1-142-294, covering the

5

MicroTouch Switchblade Packaging and Instructions, U.S. Copyright Reg. VA-2-014-181, covering the MicroTouch Tough Blade (6 month blade replacement) Packaging Artwork, U.S. Copyright Reg. PA-1-928-588, covering the MicroTouch Tough Blade Commercial, U.S. Copyright Reg. VA-1-945-485, covering the MicroTouch Tough Blade Packaging, U.S. Copyright Reg. PA-2-090-398, covering the MicroTouch Toughblade Pro Commercial, U.S. Copyright Reg. VA-2-129-501, covering the MicroTouch Toughblade Pro Packaging Artwork and Instructions and U.S. Copyright Reg. VA-2-136-738, covering the MicroTouch Toughblade Pro Website.  True and correct copies of the U.S. Copyright registration certificates for the MicroTouch Works are attached hereto as **Exhibit C** and incorporated herein by reference.

17.    The success of the MicroTouch Products is due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and promotion through television, Plaintiff's Websites, retailer websites and other internet-based advertising, print, participation in trade shows, among other efforts domestically and abroad, including New York.

18.    Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in the MicroTouch Products, MicroTouch Marks and MicroTouch Works.

19.    The success of the MicroTouch Products is due in part to Plaintiff's marketing and promotional efforts, as described above.

20.    Plaintiff's success is also due to its use of the highest quality materials and processes in making the MicroTouch Products.

21.    Additionally, Plaintiff owes a substantial amount of the success of the MicroTouch Products to its consumers, and word of mouth buzz that its consumers have generated, particularly via social media.

22.     As a result of Plaintiff's efforts, the quality of Plaintiff's products and the word-of-mouth buzz generated by its consumers, the MicroTouch Marks, MicroTouch Works and MicroTouch Products have become prominently placed in the minds of the public.  Members of the public have become familiar with the MicroTouch Marks, MicroTouch Works and MicroTouch Products and have come to associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.

23.     Plaintiff has gone through great lengths to protect its interests to the MicroTouch Marks, MicroTouch Works and MicroTouch Products.  No one other than Plaintiff is authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the MicroTouch Marks and MicroTouch Works without the express permission of Plaintiff.

### Wish and Defendants' User Accounts

24.     Wish is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products originating primarily from China,[2] among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

25.     A majority of the third-party merchants that have User Accounts with and operate Merchant Storefronts on Wish, like Defendants, are located in China.[3]  As of May 2015, over 40 million items from 100,000 User Accounts were available on Wish.[4]  Between June 2014 and May 2015, nearly 100 million distinct User Accounts became registered on Wish.[5]  Currently, Wish

---

[2] *See* Armando Roggio, *Ecommerce Lessons from the Wish Shopping App*, PRACTICALECOMMERCE (Jan. 7, 2015), https://www.practicalecommerce.com/Ecommerce-Lessons-from-the-Wish-Shopping-App.
[3] *See* Greg Bensinger, *Wish, a Direct-From-China Shopping App, Lures Bargain Hunters*, WALL STREET JOURNAL (May 19, 2015), https://www.wsj.com/articles/wish-a-direct-from-china-shopping-app-lures-bargain-hunters-1431909072.
[4] *See id.*
[5] *See id.*

claims a base of over 300 million users.[6]  As one of the leaders of the worldwide e-commerce and digital retail market, Wish has generated billions in sales worldwide.[7]  Sales to the U.S. make up a significant percentage of the business done on Wish. Wish was the most downloaded shopping app worldwide in 2018 and is now the third-biggest e-commerce marketplace in the U.S. by sales.[8] Globally, some 90 million people use it at least once a month.[9] Currently, Wish is valued at over $8 billion, which is more than the market value of three of the largest traditional retailers in the U.S.[10]

26.     Wish aggressively uses the internet, including Facebook, Google and Pinterest, to market itself and the products offered for sale and/or sold by its third-party merchant users to potential consumers, particularly in the U.S.  For example, Wish is in the top-five largest advertisers on the aforementioned popular search engines and social media websites.[11]  In 2015, Wish spent approximately $100 million on advertisements on Facebook alone.[12]

27.     As recently addressed in news reports,[13] and as reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on Wish,[14] an astronomical number of counterfeit and infringing products are offered for sale and sold

---

[6] See WISH.COM, https://www.wish.com/careers.

[7] See Connie Loizos, Wish is Raising Again, and Giving Late-Stage Investors Protection, TECHCRUNCH.COM (Oct. 28, 2016), https://techcrunch.com/2016/10/28/wish-is-raising-again-and-giving-late-stage-investors-protection/.

[8] See Parmy Olson, Meet The Billionaire Who Defied Amazon And Built Wish, The World's Most-Downloaded E-Commerce App, FORBES (March 13, 2019), https://www.forbes.com/sites/parmyolson/2019/03/13/meet-the-billionaire-who-defied-amazon-and-built-wish-the-worlds-most-downloaded-e-commerce-app/#da45b4d70f52.

[9] See id.

[10] See Parmy Olson, At $8.5 Billion, Shopping App 'Wish' Is Now Worth More Than Sears, Macy's and JC Penney Combined, FORBES, https://www.forbes.com/sites/parmyolson/2017/09/20/wish-8-billion-funding-amazon/#c360ab961e1d.

[11] See SENSORTOWER, MOBILE ADVERTISING ATLAS, Q2 2017 REPORT, available at https://s3.amazonaws.com/sensortower-itunes/Quarterly+Reports/Sensor-Tower-Q2-2017-Ad-Intel-Data-Digest.pdf?=landing.

[12] See Jason Del Rey, Meet Wish, the $3 Billion App That Could Be The Next Walmart, RECODE (Dec. 28, 2015), https://www.recode.net/2015/12/28/11621724/meet-wish-the-3-billion-app-that-could-be-the-next-walmart.

[13] See Andi Sykes, Specialized Wages Ware on Counterfeiters (Dec. 9, 2016), http://singletrackworld.com/2016/12/specialized-wages-war-on-counterfeiters/.

[14] See, e.g., Specialized Bicycle Components, Inc. v. in-style1820, et al., Civil Case No. 16-cv-62711 (S.D. Fl. Nov. 17, 2016) and David Gilmour Music Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",

on Wish at a rampant rate.[15]

28.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on Wish as well as potentially yet undiscovered additional online marketplace platforms.

29.     Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

30.     Defendants' Merchant Storefronts share unique identifiers, such as design elements along with similarities in price, description of the goods offered and of the Counterfeit Products themselves offered for sale.

31.     Defendants are in constant communication with each other and regularly participate in online chatroom discussions involving illegal counterfeiting activities, pending litigation and potential new lawsuits.

### **Defendants' Wrongful and Infringing Conduct**

32.     Particularly in light of Plaintiff's success with its MicroTouch Products, as well as the reputation they have gained, Plaintiff and its MicroTouch Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame that Plaintiff has amassed in its MicroTouch Products, MicroTouch Marks and MicroTouch Works and Plaintiff investigates and enforces against such activities.

33.     As part of these efforts, Plaintiff retained NAL to investigate and research

---

Civil Case No. 17-cv-7763 (N.D. Ill., Nov.1, 2017).

[15] *See* Tom Hoffarth, *Lakers' Wish List Cheapened by the Dozen*, DAILY NEWS (Sept. 22, 2017), http://www.dailynews.com/2017/09/22/hoffarth-lakers-wish-list-cheapened-by-the-dozen/.

manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on Wish.

34.     Through NAL's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts.  Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

35.     Defendants are not, and have never been, authorized by Plaintiff or any of its authorized agents, authorized licensees or authorized distributors to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the MicroTouch Products or to use the MicroTouch Marks and/or MicroTouch Works, or any marks and/or artwork that are confusingly or substantially similar to the MicroTouch Marks and MicroTouch Works.

36.     Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's MicroTouch Products, only with minor variations that no ordinary consumer would recognize.

37.     During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and specified a shipping address located at the New York Address and verified that each Defendant provides shipping to the New York Address. Printouts of the checkout pages for the Counterfeit Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in **Exhibit D**.

38.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective User Accounts and/or Merchant

Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through various payment processing services and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York.  NAL's findings are supported by Defendants' listings for Counterfeit Products and/or the checkout pages for the Counterfeit Products, which are included in **Exhibit D**.

      39.    For example, below on the left is an image of one of Plaintiff's MicroTouch Products. Depicted further below is a listing for Defendant boluopai's Counterfeit Product ("boluopai Infringing Listing" and "boluopai Counterfeit Product," respectively).  The boluopai Infringing Listing appears on Defendant boluopai's Merchant Storefront, https://www.wish.com/merchant/565551f49f13014ce1bf8279, and offers the  boluopai Counterfeit Product for $10.45 per item, using, featuring and/or incorporating one or more of the MicroTouch Marks and/or MicroTouch Works and/or confusingly or substantially similar marks or artwork in the listing title "**Micro Touch Solo** Rechargeable Trimmer Razor Shaver Edges Men with 3 Combs Gift" (emphasis added) and in the descriptions and/or product images in the body of the listing. Further, the My boluopai Counterfeit Product is virtually identical to one of Plaintiff's MicroTouch Products and features and/or incorporates one or more of the MicroTouch Marks and/or MicroTouch Works.  There is no question that the boluopai Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's MicroTouch Products or that the boluopai Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of one or more of the MicroTouch Marks and/or MicroTouch Works:

**MicroTouch Product**     **Defendant's Counterfeit Product**

     

40.     By way of another example, below on the left is an image of one of Plaintiff's MicroTouch Products.  Depicted further below is a listing for Defendant sunyounger's Counterfeit Product ("sunyounger Infringing Listing" and "sunyounger Counterfeit Product," respectively). The sunyounger Infringing Listing appears on Defendant sunyounger's Merchant Storefront, https://www.wish.com/merchant/59d8449c30e1f30bc14cdcb5,     and     offers     the     sunyounger Counterfeit Product for $14.25 per item, using, featuring and/or incorporating one or more of the MicroTouch Marks and/or MicroTouch Works and/or confusingly similar marks and/or artwork in the listing title "Mens Razor **Micro Touch SOLO** Rechargeable Trims Edges SMART Razor Shaver Razor" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the sunyounger Counterfeit Product is virtually identical to one of Plaintiff's MicroTouch Products and features and/or incorporates one of the MicroTouch Marks and/or MicroTouch Works.  There is no question that the sunyounger Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's MicroTouch Products or that the sunyounger Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging

in the unauthorized use of one of the MicroTouch Marks and/or MicroTouch Works:

**MicroTouch Product**                    **Defendant's Counterfeit Product**

                    

41.    As another example, below on the left is an image of one of Plaintiff's MicroTouch Products.  Depicted further below is a listing for Defendant wangwang278's Counterfeit Product ("wangwang278 Infringing Listing" and "wangwang278 Counterfeit Product," respectively).  The wangwang278 Infringing Listing appears on Defendant wangwang278's Merchant Storefront, https://www.wish.com/merchant/58c52b8ca4c84d505a9ef7f5,   and   offers   the   wangwang278 Counterfeit Product for $9.00 per item, using, featuring and/or incorporating one or more of the MicroTouch Marks and/or MicroTouch Works and/or confusingly similar marks and/or artwork in the listing title "Hot selling TV products **Micro Touch Max** men shave shaver (not including batteries)" (emphasis added) and in the descriptions and/or product images in the body of the listing. Further, the  wangwang278  Counterfeit  Product  is  virtually  identical  to  one  of  Plaintiff's MicroTouch Products and features and/or incorporates one or more of the MicroTouch Marks and/or MicroTouch Works.  There is no question that the wangwang278 Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's MicroTouch Products or that the wangwang278 Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging

13

in the unauthorized use of one or more of the MicroTouch Marks and/or MicroTouch Works:

**MicroTouch Product**



**Defendant's Counterfeit Product**



42.     By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiff's exclusive rights in the MicroTouch Marks and/or MicroTouch Works, and have used marks and/or artwork that are confusingly similar to, identical to, substantially similar to and/or constitute counterfeiting and/or infringement of the  MicroTouch Marks and/or MicroTouch Works in order to confuse consumers into believing that such Counterfeit Products are the MicroTouch Products and aid in the promotion and sales of their Counterfeit Products.  Defendants' conduct began long after Plaintiff's adoption and use of the MicroTouch Marks and/or MicroTouch Works, after Plaintiff obtained federal registrations in the MicroTouch Marks and MicroTouch Works, as alleged above, and after Plaintiff's MicroTouch Products, MicroTouch Marks and MicroTouch Works became well-known to the purchasing public.

43.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the MicroTouch Marks and

MicroTouch Works, of the fame and incalculable goodwill associated therewith and of the popularity and success of the MicroTouch Products, and in bad faith adopted the MicroTouch Marks and/or MicroTouch Works.

44.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the MicroTouch Marks, MicroTouch Works and MicroTouch Products.

45.     Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

46.     By engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited the MicroTouch Marks and/or MicroTouch Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

47.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
#### (Trademark Counterfeiting)
**[15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]**

48.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     Plaintiff is the exclusive owner of all right and title to the MicroTouch Marks.

50.     Plaintiff has continuously used the MicroTouch Marks in interstate commerce since on or before the dates of first use as reflected in the registration certificates attached hereto as **Exhibit B**.

51.     Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its MicroTouch Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the MicroTouch Marks and/or used spurious designations that are identical with, or indistinguishable from, the MicroTouch Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

52.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the MicroTouch Marks through their participation in such activities.

53.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the MicroTouch Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products

16

sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

54.     Defendants' unauthorized use of the MicroTouch Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the MicroTouch Marks.

55.     Defendants' actions constitute willful counterfeiting of the MicroTouch Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

56.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the MicroTouch Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable MicroTouch Marks.

57.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

58.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

59.     Plaintiff has continuously used the MicroTouch Marks in interstate commerce since on or before the dates of first use as reflected in the registration certificates attached hereto as **Exhibit B**.

60.     Plaintiff, as owner of all right, title and interest in and to the MicroTouch Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

61.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registrations for the MicroTouch Marks.

62.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the MicroTouch Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell the MicroTouch Products and/or related products bearing the MicroTouch Marks into the stream of commerce.

63.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the MicroTouch Marks and/or which are identical or confusingly similar to the MicroTouch Marks.

64.     Defendants knowingly and intentionally reproduced, copied and colorably imitated

18

the MicroTouch Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

65.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the MicroTouch Marks.

66.     Defendants' egregious and intentional use of the MicroTouch Marks in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiff's MicroTouch Products or are otherwise associated with, or authorized by, Plaintiff.

67.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the MicroTouch Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

68.     Defendants' continued, knowing, and intentional use of the MicroTouch Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered MicroTouch Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

69.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the MicroTouch Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff

has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable MicroTouch Marks.

70.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

71.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72.     Plaintiff, as the owner of all right, title and interest in and to the MicroTouch Marks has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

73.     The MicroTouch Marks are inherently distinctive and/or have acquired distinctiveness.

74.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly similar to, and constitute reproductions of the MicroTouch Marks and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the

purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are MicroTouch Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the MicroTouch Marks, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

75.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's MicroTouch Products using marks that are identical and/or confusingly similar to, or which constitute colorable imitations of the MicroTouch Marks, Defendants have traded off the extensive goodwill of Plaintiff and its MicroTouch Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its MicroTouch Marks, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

76.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks that are identical or confusingly similar to and constitute reproductions of the MicroTouch Marks would cause confusion, mistake or deception among purchasers, users and the public.

77.     Upon information and belief, Defendants' aforementioned wrongful actions have

been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiff, its MicroTouch Products and MicroTouch Marks.

78.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its MicroTouch Products and by depriving Plaintiff of the value of its MicroTouch Marks as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of the MicroTouch Marks.

79.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

80.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

81.     Plaintiff is the exclusive owner of the MicroTouch Works.

82.     Defendants had actual notice of Plaintiff's exclusive rights in and to the MicroTouch Works.

22

83.     Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiff's MicroTouch Products and/or MicroTouch Works.

84.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the MicroTouch Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling infringing products which bear such MicroTouch Works, or artwork that is, at a minimum, substantially similar to the MicroTouch Works.

85.     Defendants' unlawful and willful actions as alleged herein constitute infringement of the MicroTouch Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such MicroTouch Works in violation of 17 U.S.C. § 501(a).

86.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

87.      Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

88.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

89.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit

Products, Defendants have traded off the extensive goodwill of Plaintiff and its MicroTouch Products to induce, and did induce and intend and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

90.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

91.     Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

92.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff, and its competitive position while benefiting Defendants.

93.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its MicroTouch Products

in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been and will continue to be deprived of the value of its MicroTouch Marks and MicroTouch Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

94.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

**SIXTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**[New York Common Law]**

95.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

96.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

97.     Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation,

25

knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.        In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.        For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of Plaintiff's federally registered MicroTouch Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.        For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.        For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the MicroTouch Works under 17 U.S.C. § 501(a);

F.        In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the MicroTouch Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

G.      For an award of damages to be proven at trial for common law unfair competition;

H.      For an award of damages in an amount to be proven at trial for unjust enrichment;

I.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

i.    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

ii.   directly or indirectly infringing in any manner any of Plaintiff's MicroTouch Marks and MicroTouch Works;

iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's MicroTouch Marks and MicroTouch Works, to identify any goods or services not authorized by Plaintiff;

iv.   using any of Plaintiff's MicroTouch Marks or MicroTouch Works, or any other marks or artwork that are confusingly or substantially similar to the MicroTouch Marks or MicroTouch Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v.    using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive

27

members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii. engaging in any other actions that constitute unfair competition with Plaintiff;

viii. engaging in any other act in derogation of Plaintiff's rights;

ix. from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, Defendants' Assets from or to Defendants' Financial Accounts and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

x. from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xi. effecting assignments or transfers, forming new entities or associations, or

utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

xii.   providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiii.   instructing any other person or entity to engage or perform any of the activities referred to in subparagraphs (i) through (xii) above; and

J.       For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's MicroTouch Marks or MicroTouch Works, or bear any marks and/or artwork that are confusingly or substantially similar to the MicroTouch Marks or MicroTouch Works;

K.       For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's MicroTouch Marks or MicroTouch Works, or bear any marks and/or artwork that are confusingly or substantially similar to the MicroTouch Marks or MicroTouch Works pursuant to 15 U.S.C. § 1118;

L.       For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Counterfeit Products as

described herein, including prejudgment interest;

M.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

N.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

O.      For Plaintiff's reasonable attorneys' fees;

P.      For all costs of suit; and

Q.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.


Dated: July 12, 2019                              Respectfully submitted,

                                                  EPSTEIN DRANGEL LLP

                                          BY: _____
                                              Danielle S. Yamali (DY 4228)
                                              dfutterman@ipcounselors.com
                                              Jason M. Drangel (JD 7204)
                                              jdrangel@ipcounselors.com
                                              Ashly E. Sands (AS 7715)
                                              asands@ipcounselors.com
                                              Brieanne Scully (BS 3711)
                                              bscully@ipcounselors.com
                                              60 East 42nd Street, Suite 2520
                                              New York, NY 10165
                                              Telephone:     (212) 292-5390
                                              Facsimile:     (212) 292-5391
                                              *Attorneys for Plaintiff*
                                              *Ideavillage Products Corp.*

# EXHIBIT A



1



2



3

# EXHIBIT B

Int. Cl.: 8

Prior U.S. Cls.: 23, 28 and 44

**United States Patent and Trademark Office**

Reg. No. 2,884,308

Registered Sep. 14, 2004

## TRADEMARK
### PRINCIPAL REGISTER

# MICROTOUCH

IDEAVILLAGE PRODUCTS CORP. (NEW JER-SEY CORPORATION)
21 LAW DRIVE
FAIRFIELD, NJ 07004

FOR: APPLIANCES FOR BEAUTY CARE PURPO-SES, NAMELY ELECTRIC SHAVERS, HAIR TRIM-MERS AND DEPILATORY APPLIANCES; SCISSORS, NON-ELECTRIC PORE CLEANSERS; HAND-OPERATED SHEARS, RAZORS, AND MAN-ICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICLE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 9-1-2003; IN COMMERCE 9-1-2003.

SER. NO. 78-282,058, FILED 8-1-2003.

TRACY WHITAKER-BOWN, EXAMINING ATTOR-NEY

1



# United States of America
## United States Patent and Trademark Office

# MICROTOUCH MAX

**Reg. No. 4,183,150**

**Registered July 31, 2012**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY ELECTRIC SHAVERS, BATTERY-OPERATED HAIR TRIMMERS AND DEPILATORY APPLIANCES; SCISSORS, HAND-OPERATED SHEARS, RAZORS, AND MANICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICLE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 9-30-2010; IN COMMERCE 9-30-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-491,545, FILED 12-9-2011.

TRACY FLETCHER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

2

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
### DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

### The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.



# United States of America
## United States Patent and Trademark Office

# MICROTOUCH SWITCHBLADE

**Reg. No. 4,582,646**

**Registered Aug. 12, 2014**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY, ELECTRIC SHAVERS, HAIR TRIMMERS AND DEPILATORY APPLIANCES; SCISSORS, NON-ELECTRIC PORE CLEANSERS; HAND-OPERATED SHEARS, RAZORS, AND MANICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICULE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 3-23-2013; IN COMMERCE 3-23-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-892,525, FILED 4-2-2013.

JACQUELINE ABRAMS, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

4

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.



# United States of America

## United States Patent and Trademark Office

# TOUGH BLADE

**Reg. No. 4,749,480**

**Registered June 2, 2015**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY, ELECTRIC SHAVERS, HAIR TRIMMERS AND DEPILATORY APPLIANCES; SCISSORS; HAND-OPERATED SHEARS; RAZORS; MANICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICLE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 1-14-2015; IN COMMERCE 1-14-2015.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BLADE", APART FROM THE MARK AS SHOWN.

SN 86-288,149, FILED 5-21-2014.

JACQUELINE ABRAMS, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

6

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.



# United States of America
## United States Patent and Trademark Office

# MICROTOUCH ONE

**Reg. No. 4,937,115**

**Registered Apr. 12, 2016**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46
WAYNE, NJ 07470

**Int. Cl.: 8**

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY, HAIR TRIMMERS AND DEPILATORY APPLIANCES; RAZORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

**TRADEMARK**

FIRST USE 7-19-2013; IN COMMERCE 7-19-2013.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,884,308 AND 4,183,150.

SN 86-023,382, FILED 7-30-2013.

JAMES MACFARLANE, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.

Page: 2 / RN # 4,937,115

# United States of America

## United States Patent and Trademark Office

# MICROTOUCH SOLO

**Reg. No. 5,302,508**

**Registered Oct. 03, 2017**

**Int. Cl.: 8**

**Trademark**

**Principal Register**

IdeaVillage Products Corp. (NEW JERSEY CORPORATION)
155 Route 46 West, 4th Floor
Wayne, NEW JERSEY 07470

CLASS 8: Appliances for beauty care purposes, namely, electric shavers, hair trimmers and depilatory appliances; razors

FIRST USE 7-17-2017; IN COMMERCE 7-17-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-017,410, FILED 04-28-2016

*Joseph Matol*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years  after  the  registration  date.   See  15  U.S.C.  §§1058,  1141k.   If  the  declaration  is  accepted,  the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You  must  file  a  Declaration  of  Use  (or  Excusable  Nonuse)  and  an  Application  for  Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do  not  file  renewal  applications  at  the  USPTO.   Instead,  the  holder  must  file  a  renewal  of  the  underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO  website  for  further  information.   With  the  exception  of  renewal  applications  for  registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders  who  authorize  e-mail  communication  and  maintain  a  current  e-mail  address  with  the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application  System  (TEAS)  Correspondence  Address  and  Change  of  Owner  Address  Forms available at** http://www.uspto.gov.

# EXHIBIT C



## Public Catalog

 Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch Sonic Groom Commercial
Search Results: Displaying 1 of 1 entries



Labeled View

### *MicroTouch Sonic Groom Commercial.*

|  |  |
|---|---|
| **Type of Work:** | Motion Picture |
| **Registration Number / Date:** | PA0001982398 / 2015-11-30 |
| **Application Title:** | MicroTouch Sonic Groom Commercial. |
| **Title:** | MicroTouch Sonic Groom Commercial. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, Wayne, NJ, 07470, United States. |
| **Date of Creation:** | 2015 |
| **Date of Publication:** | 2015-01-05 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Blue Reef Productions, employer for hire; Domicile: United States. Authorship: entire motion picture. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 East 42nd Street, Suite 2410, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Blue Reef Productions |
|  | Ideavillage Products Corp. |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format [ Full Record ▾ ]   [ Format for Print/Save ] |
| Enter your email address: [                    ]   [ Email ] |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch One Commercial
Search Results: Displaying 1 of 1 entries



Labeled View

*MicroTouch One Commercial.*

|  |  |
|---|---|
| **Type of Work:** | Motion Picture |
| **Registration Number / Date:** | PA0001982402 / 2015-11-30 |
| **Application Title:** | MicroTouch One Commercial. |
| **Title:** | MicroTouch One Commercial. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, Wayne, NJ, 07470, United States. |
| **Date of Creation:** | 2013 |
| **Date of Publication:** | 2013-07-19 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Blue Moon Studios, employer for hire; Domicile: United States. Authorship: entire motion picture. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 East 42nd Street, Suite 2410, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Blue Moon Studios |
|  | Ideavillage Products Corp. |



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record ▼ | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch Solo Commercial
Search Results: Displaying 1 of 1 entries



Labeled View

*MicroTouch Solo Commercial.*

| | |
|---|---|
| **Type of Work:** | Motion Picture |
| **Registration Number / Date:** | PA0002074126 / 2017-08-15 |
| **Application Title:** | MicroTouch Solo Commercial. |
| **Title:** | MicroTouch Solo Commercial. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, Wayne, NJ, 07470, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2017-05-04 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Blue Reef Productions, employer for hire; Domicile: United States. Authorship: entire motion picture. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Blue Reef Productions |
| | Ideavillage Products Corp. |





Save, Print and Email (**Help Page**)
Select Download Format  Full Record ▼  Format for Print/Save
Enter your email address:  _____  Email

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch Toughblade Pro Commercial
Search Results: Displaying 1 of 1 entries



---

Labeled View

---

### *MicroTouch Toughblade Pro Commercial.*

|  |  |
|---|---|
| **Type of Work:** | Motion Picture |
| **Registration Number / Date:** | PA0002090398 / 2017-11-30 |
| **Application Title:** | MicroTouch Toughblade Pro Commercial. |
| **Title:** | MicroTouch Toughblade Pro Commercial. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, Wayne, NJ, 07470, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2017-09-07 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Blue Reef Productions, employer for hire; Domicile: United States; Citizenship: United States. Authorship: entire motion picture. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Blue Reef Productions |
|  | Ideavillage Products Corp. |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format   Full Record ▼   Format for Print/Save |
| Enter your email address:                  Email |

---

Help    Search    History    Titles    Start Over

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-892-726

**Effective date of
registration:**

January 8, 2014

## Title

**Title of Work:** Microtouch One Packaging and Instructions

## Completion/Publication

**Year of Completion:** 2013

**Date of 1st Publication:** July 22, 2013      **Nation of 1st Publication:** United States

## Author

**Author:** Ideavillage Products Corp.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Name:** Jason M Drangel

**Email:** mail@ipcounselors.com      **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165  United States

## Certification

**Name:** Sarah I. Cohen

**Date:** January 8, 2014

**Applicant's Tracking Number:** 1111-1142

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-945-485

**Effective Date of Registration:**
January 16, 2015

---

## Title

**Title of Work:** MicroTouch Tough Blade Packaging

## Completion/Publication

**Year of Completion:** 2014
**Date of 1st Publication:** January 14, 2015
**Nation of 1st Publication:** United States

## Author

- **Author:** Adcomm Advertising
  **Author Created:** photograph(s), 2-D artwork
  **Work made for hire:** Yes
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Ideavillage Products Corp.
155 Route 46 West, Wayne, NJ, 07470, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 E. 42nd St.
Suite 2410
New York, NY 10165 United States

## Certification

**Name:** Jason M. Drangel
**Date:** January 16, 2015

Page 1 of 2

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 2-000-168**

**Effective Date of Registration:**
January 11, 2016

---

## Title

**Title of Work:**  MicroTouch One Website

## Completion/Publication

**Year of Completion:**  2013
**Date of 1st Publication:**  July 19, 2013
**Nation of 1st Publication:**  United States

## Author

• **Author:**  Digital Target Marketing
**Author Created:**  photograph, 2-D artwork, Text
**Work made for hire:**  Yes
**Domiciled in:**  United States

## Copyright Claimant

**Copyright Claimant:**  Ideavillage Products Corp.
155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States
**Transfer statement:**  By written agreement

## Rights and Permissions

**Organization Name:**  Epstein Drangel LLP
**Email:**  mail@ipcounselors.com
**Telephone:**  (212)292-5390
**Address:**  60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:**  Jennette Wiser
**Date:**  January 11, 2016
**Applicant's Tracking Number:**  X1111-1280

Page 1 of 2

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-000-181

**Effective Date of Registration:**
January 11, 2016

## Title

**Title of Work:** MicroTouch One Packaging Artwork

## Completion/Publication

**Year of Completion:** 2013
**Date of 1st Publication:** September 17, 2013
**Nation of 1st Publication:** United States

## Author

**Author:** Adcomm Advertising
**Author Created:** photograph, Text
**Work made for hire:** Yes
**Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Ideavillage Products Corp.
155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** January 11, 2016
**Applicant's Tracking Number:** X1111-1280



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch Tough Blade (6 month blade replacement) Packaging Artwork
Search Results: Displaying 1 of 1 entries



Labeled View

***MicroTouch Tough Blade (6 month blade replacement) Packaging Artwork.***

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002014181 / 2016-05-04 |
| **Application Title:** | MicroTouch Tough Blade (6 month blade replacement) Packaging Artwork. |
| **Title:** | MicroTouch Tough Blade (6 month blade replacement) Packaging Artwork. |
| **Description:** | electronic file. |
| **Copyright Claimant:** | Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States. |
| **Date of Creation:** | 2016 |
| **Date of Publication:** | 2016-04-22 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Dot Matrix, employer for hire; Domicile: United States. Authorship: photograph, 2-D artwork, Text. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Dot Matrix |
| | Ideavillage Products Corp. |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format [Full Record ▼] [Format for Print/Save] |
| Enter your email address: [　　　　　　] [Email] |

Help   Search   History   Titles   Start Over



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch Solo Packaging Artwork
Search Results: Displaying 1 of 1 entries



Labeled View

*MicroTouch Solo Packaging Artwork.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002090848 / 2017-08-15 |
| **Application Title:** | MicroTouch Solo Packaging Artwork. |
| **Title:** | MicroTouch Solo Packaging Artwork. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2017-07-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Dot Matrix, employer for hire; Domicile: United States. Authorship: photograph, 2-D artwork, Text. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Copyright Note:** | Regarding authorship information and material excluded: Registration is completed based on photographs, 2D artwork. Text is names, short phrases only; copyright does not extend to names, titles, short phrases. 37 CFR 202.1 |
| **Names:** | Dot Matrix |
| | Ideavillage Products Corp. |





Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page



| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch Solo Website
Search Results: Displaying 1 of 1 entries



Labeled View

### *image1 et al.*

|  |  |
|--|--|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002100827 / 2017-08-15 |
| **Application Title:** | MicroTouch Solo Website www.MicroTouchSolo.com. |
| **Title:** | image1 et al. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2017-05-05 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Digital Target Marketing, employer for hire; Domicile: United States. Authorship: photograph, Text. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Copyright Note:** | C.O. correspondence. |
|  | Basis for Registration: Unit of publication |
| **Names:** | Digital Target Marketing |
|  | Ideavillage Products Corp. |



| **Save, Print and Email (Help Page)** | |
|---|---|
| Select Download Format | Full Record ▼   Format for Print/Save |
| Enter your email address: |         Email |

Help   Search   History   Titles   Start Over



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch Toughblade Pro Packaging Artwork and Instructions
Search Results: Displaying 1 of 1 entries



Labeled View

*MicroTouch Toughblade Pro Packaging Artwork and Instructions.*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0002129501 / 2017-11-30
**Application Title:** MicroTouch Toughblade Pro Packaging Artwork and Instructions.
**Title:** MicroTouch Toughblade Pro Packaging Artwork and Instructions.
**Description:** Electronic file (eService)
**Copyright Claimant:** Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States.
**Date of Creation:** 2017
**Date of Publication:** 2017-10-18
**Nation of First Publication:** United States
**Authorship on Application:** Ideavillage Products Corp., employer for hire; Domicile: United States; Citizenship: United States. Authorship: photograph, 2-D artwork.
Dot Matrix, employer for hire; Domicile: United States; Citizenship: United States. Authorship: photograph, 2-D artwork.
**Rights and Permissions:** Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com
**Names:** Ideavillage Products Corp.
Dot Matrix



| Save, Print and Email (**Help Page**) |
| Select Download Format  Full Record ▼   Format for Print/Save |
| Enter your email address:  [_____]  Email |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = MicroTouch Toughblade Pro Website
Search Results: Displaying 1 of 1 entries



Labeled View

*MicroTouch Toughblade Pro Website.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002136738 / 2017-11-10 |
| **Application Title:** | MicroTouch Toughblade Pro Website. |
| **Title:** | MicroTouch Toughblade Pro Website. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ideavillage Products Corp., Transfer: By written agreement. Address: 155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2017-02-12 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | DIGITAL TARGET MARKETING, USA, employer for hire; Domicile: United States. Authorship: photograph, 2-D artwork, Text. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | DIGITAL TARGET MARKETING, USA |
| | Ideavillage Products Corp. |



| **Save, Print and Email (Help Page)** | | |
|---|---|---|
| Select Download Format | Full Record ▾ | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

# VAu 1-142-294

**Effective date of
registration:**

August 15, 2013

## Title

**Title of Work:** Microtouch Switchblade Packaging and Instructions

## Completion/Publication

**Year of Completion:** 2013

## Author

- **Author:** Ideavillage Products Corp.

  **Author Created:** text, photograph(s), 2-D artwork

  **Work made for hire:** Yes

  **Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Name:** Jason M Drangel

**Email:** mail@ipcounselors.com          **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165  United States

## Certification

**Name:** Sarah I Cohen

**Date:** August 15, 2013

**Applicant's Tracking Number:** 1111-1119