Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Ideavillage Products Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., <br><br> *Plaintiff* <br><br> v. <br><br> 60676, AANITAAI, ABIMIE, AIR SUPPLY, AKAHO, AMEISHENGHUOPIN, ANDYHUA, ASDASDW, AUTHERSUGER, BABY'S BREATH 121, BALL43, BCXL5130@163.COM, BEAUTY STYLE LINE, BEISHU STORE, BEST CHINA PRODUCTS, BEYOND_2015, BIGWORLDLITTLETHINGS, BLUE POETRY SHOP, BOLUOPAI, BREATH AND LIFE, BSDGDFSGVCG, BYOBCREW, CHENXU XIAO HUO, CHENYOU89, CICISSSHOP, COKEYCOKEY, CONGCC, CUEON, DASHICHANGQING, DDORISS, DIENC, DINGDINGDANGDANG, DONGGUANBANGCHANGCOLTD, DONGHAITIANMAICOLTD, DONGKAO FASHION, DOW SHOULD, FADE AWAY, FAIRCHILD_56, FANSER, FANYUJIE, FASHION BABY 2014, FASHION ELECTRONIC WORLD, | **19-cv-6478 (ER)** <br><br><br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

FORNEWCUSTOMER, FORTUNE SHEEP, GOODFLY, GOODHOUSES, GUANGZHOUXINYUECOLTD, HANDXYUE, HANGZHOUPENGJINCOLTD, HAOYUNLAILAI, HAPPY HOST STORE, HAPPY20180408, HEART OF UTOPIA, HONESTY ABC, HONGMASHOP168, HSLSILE87, HUALINUXIE, HUANGLING99, HUIMEI, HWLABC, IHOMETOWN, INFINITE, JARTTO, JAZZ, JDFKLH, JIEHERO, JINGZHOUXINGRUICOLTD, KUBUQINUO, LANYINGFEI, LEIDANSHOP, LEIYANTUWEI, LIANMING1954, LINFUZHANG763, LINXUETU, LIUFENGHOME, LIUYAN131415, LOUISE JAN, LOVE1314520, LOYALTY TO PERFECT, LQFALEX, LUNAGLO, LUOBOTOUJEWELRY, LUOYANJIAF, LUXURIOUS SISTER'S BEAUTY AND SKIN CARE, MAJIANGPING, MALAHUOGUOMALAHUOGUO, MENGHUANHAPPY, MIAOMIAOLI357, MILAIWEI, MINERCOM, MIRANDAKERR, MISS QH, MK DISCOUNT, MOBILE YOURSELF, MOLLY DRESS ADORNMENT, MONITING, MUMAWAI, NALE, NASHION ONE., NEW MONEY, NEWDV, NIHAOWIO, NINEXIS, NINGBOAIRUICOLTD, NIUNIUZI, NOBABOLEN, OGYA, PASSQUARTET, PERFECT1, PLSHOP, PROVE YOURSELF WITH YOUR OWN HANDS, QINGSHECHENYI, QINQIN XUEXIA, QINWAYANGZHIJIDI, QUENTSKY, QXIANJUNJUNQ, RAYRHAY, REFINESTORE, ROSE YANG, ROSEBLOOM, ROSEFLOSER, SANGEJINZHIYAO, SANGGUN, SEYOLO, SHENLIQIN1122, SHENZHEN CMJ ELECTRONIC CO,LTD, SHENZHEN EMALL, SHENZHENSHITIANLANGSHIJIKEJIYOUXIANG ONGSI, SHENZHENSHITIANSHIDILIZHONGBIAOYOUXI ANGONGSI, SHENZHENTONGYANYISHUNMAOYIYOUXIAN GONGSI, SHUPING2233, SKYFOLLY,

SMILEPASTA, SPORTS WHOLESALER, SPRING2015, SSS123, STRAIGHT BUY, SUN JIU FAN, SUNRISESUPERMARKET, SUNYOUNGER, SUPERVIRTUE88, SUPER_SUN, SUPPERRICH, THREE CAT, TONYTONGIOS, TYRUEIGB, UKLISS, UKLISS BEAUTY, ULRICA11, USJE TRADING, VICKA8387, WANBAOSHANGPU, WANGBOYI1360, WANGHANSUANG, WANGHL288, WANGLI93, WANGWANG278, WEIAJ, WU'S BOUTIQUE, WULONG, WUMIAOYUN, WUYHTBS, W_BEAUTIES, XIANDUIYUJIAN, XIAOER SHOP, XIAOHUIHUI, XIAOHUITU, XIAOXILONGAIWAN, XINGHAO66, XINXIN666, XUEFENXUEHUAMEI, XUJINGBAOBAO, YANGGUANGCHAONAN, YANGSHITING11, YAO PAN DENG, YIQIWANSHUA, YONG NAN HOUSE, YOUNGEST-L, YOYO123, ZAI YONG, ZDD, ZERLAR, ZHANGXIAOMENG, ZHONGMAMAOYI123, ZHONGYUANGONGSI, ZHOU YI YI, ZHUTOUXIAOLIZIAIPING and ZUOJIEXIANG678,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Ideavillage** | Ideavillage Products Corp. | N/A |
| **Defendants** | 60676, Aanitaai, Abimie, Air Supply, Akaho, ameishenghuopin, andyhua, asdasdw, authersuger, Baby's Breath 121, ball43, bcxl5130@163.com, Beauty style line, beishu store, Best China products, beyond_2015, bigworldlittlethings, Blue Poetry shop, boluopai, Breath and Life, BSDGDFSGVCG, BYOBCREW, chenxu xiao huo, chenyou89, cicissshop, CokeyCokey, CONGCC, cueon, dashichangqing, Ddoriss, dienc, dingdingdangdang, dongguanbangchangcoltd, donghaitianmaicoltd, DongKao Fashion, Dow should, Fade away, Fairchild_56, FANSER, fanyujie, Fashion baby 2014, Fashion electronic world, fornewcustomer, Fortune sheep, goodfly, goodhouses, guangzhouxinyuecoltd, handxyue, hangzhoupengjincoltd, haoyunlailai, Happy Host store, happy20180408, Heart of Utopia, HONESTY ABC, hongmashop168, HSLsile87, hualinuxie, huangling99, huimei, HWLABC, Ihometown, Infinite, Jartto, JAZZ, jdfklh, Jiehero, jingzhouxingruicoltd, kubuqinuo, lanyingfei, Leidanshop, LEIYANTUWEI, lianming1954, linfuzhang763, linxuetu, liufenghome, liuyan131415, Louise jan, Love1314520, Loyalty to Perfect, lqfalex, lunaglo, LuobotouJEWELRY, luoyanjiaf, Luxurious sister's beauty and skin care, majiangping, malahuoguomalahuoguo, menghuanhappy, miaomiaoli357, milaiwei, minercom, MirandaKerr, Miss QH, MK Discount, Mobile Yourself, Molly Dress Adornment, moniting, mumawai, nale, nashion one., new money, NEWDV, nihaowio, NINEXIS, ningboairuicoltd, niuniuzi, NOBABOLEN, OGYA, passquartet, perfect1, plshop, Prove yourself with your own hands, qingshechenyi, qinqin xuexia, qinwayangzhijidi, quentsky, qxianjunjunq, Rayrhay, refinestore, Rose Yang, Rosebloom, rosefloser, sangejinzhiyao, sanggun, SEYOLO, shenliqin1122, Shenzhen CMJ Electronic Co,Ltd, Shenzhen Emall, shenzhenshitianlangshijikejiyouxiangongsi, shenzhenshitianshidilizhongbiaoyouxiangongsi, shenzhentongyanyishunmaoyiyouxiangongsi, shuping2233, skyfolly, SmilePasta, Sports Wholesaler, spring2015, sss123, Straight Buy, sun jiu fan, sunrisesupermarket, sunyounger, supervirtue88, super_sun, SupperRich, three cat, tonytongios, tyrueigb, ukliss, Ukliss Beauty, Ulrica11, USJE Trading, | N/A |

| | | |
|---|---|---|
| | vicka8387, wanbaoshangpu, wangboyi1360, wanghansuang, wanghl288, wangli93, wangwang278, weiaj, Wu's Boutique, wulong, wumiaoyun, wuyhtbs, W_Beauties, xianduiyujian, xiaoer shop, xiaohuihui, xiaohuitu, xiaoxilongaiwan, XINGHAO66, Xinxin666, xuefenxuehuamei, xujingbaobao, yangguangchaonan, yangshiting11, yao pan deng, yiqiwanshua, Yong Nan House, youngest-L, Yoyo123, ZAI YONG, ZDD, Zerlar, zhangxiaomeng, Zhongmamaoyi123, zhongyuangongsi, ZHOU YI YI, zhutouxiaoliziaiping and zuojiexiang678 | |
| **Defaulting Defendants** | Aanitaai, Abimie, Air Supply, Akaho. ameishenghuopin, asdasdw, authersuger, Baby's Breath 121, ball43, bcxl5130@163.com, Beauty style line, beishu store, Best China products, beyond_2015, bigworldlittlethings, BYOBCREW, chenxu xiao huo, cicissshop, CokeyCokey, cueon, ddoriss, dingdingdangdang, dongguanbangchangcoltd, DongKao Fashion, Dow should, Fade away, Fairchild_56, fanyujie, Fashion baby 2014, Fashion electronic world, fornewcustomer, Fortune sheep. goodhouses, handxyue, hangzhoupengjincoltd, haoyunlailai, happy20180408, hongmashop168, hualinuxie, huimei, HWLABC, Infinite, Jartto, JAZZ, jdfklh, jiehero, Leidanshop, LEIYANTUWEI, linfuzhang763, liuyan131415, Love1314520, lqfalex, lunaglo, LuobotouJEWELRY, Luxurious sister's beauty and skin care, majiangping, malahuoguomalahuoguo, miaomiaoli357, milaiwei, minercom, MirandaKerr, Miss QH, Mobile Yourself, Molly Dress Adornment, moniting, mumawai, nale, nashion one., new money, NINEXIS, passquartet, perfect1, plshop, Prove yourself with your own hands, qingshechenyi, qinqin xuexia, qinwayangzhijidi, refinestore, Rose Yang, Rosebloom, rosefloser, sangejinzhiyao, SEYOLO, shenliqin1122, Shenzhen CMJ Electronic Co,Ltd, Shenzhen Emall, shenzhenshitianlangshijikejiyouxiangongsi, shuping2233m, skyfolly, SmilePasta, Sports Wholesaler, spring2015, sss123, Straight Buy, sun jiu fan, sunrisesupermarket, sunyounger, tonytongios, tyrueigb, ukliss, Ukliss Beauty, Ulrica11, USJE Trading, vicka8387, wanbaoshangpu, wangboyi1360, wanghansuang, wanghl288, wangwang278, Wu's Boutique, wulong, xianduiyujian, xiaoer shop, xiaohuihui, xiaohuitu, xiaoxilongaiwan, XINGHAO66, xinxin666, xuefenxuehuamei, xujingbaobao, yangguangchaonan, yao pan deng, yiqiwanshua, youngest-L, ZAI YONG, ZDD, zerlar, zhangxiaomeng, Zhongmamaoyi123, zhongyuangongsi and ZHOU YI YI | N/A |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by | N/A |

| | ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China,  directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | |
|---|---|---|
| **Sealing Order** | Order to Seal File entered on July 12, 2019 | 1 |
| **Complaint** | Plaintiff's Complaint filed on July 12, 2019 | 7 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service by electronic means; and 5) an order authorizing expedited discovery filed on July 12, 2019 | 12-16 |
| **Lombardo Dec.** | Declaration of Loriann Lombardo in Support of Plaintiff's Application | 14 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | 13 |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application | 15 |
| **MicroTouch Products** | Ideavillage's line of personal hair removal tools, marketed and sold under Ideavillage's distinct MicroTouch family of trademarks, namely, MICROTOUCH, MICROTOUCH MAX, MICROTOUCH ONE, MICROTOUCH SWITCHBLADE, TOUGH BLADE and MICROTOUCH SOLO | N/A |
| **MicroTouch Marks** | U.S. Trademark Registration No. 2,884,308 for the wordmark "MICROTOUCH" for goods in class 8, U.S. Trademark Registration No. 4,183,150 for the wordmark "MICROTOUCH MAX" for goods in Class 8, U.S. Trademark Registration No. 4,937,115 for the wordmark "MICROTOUCH ONE" for goods in Class 8, U.S. Trademark Registration No. 4,582,646 for the wordmark "MICROTOUCH SWITCHBLADE" for goods in Class 8, U.S. Trademark Registration No. 4,749,480 for the wordmark "TOUGH BLADE" for goods in Class 8 and U.S. Trademark Registration No. 5,302,508 for the wordmark "MICROTOUCH SOLO" for goods in Class 8 | N/A |
| **MicroTouch Works** | U.S. Copyright Reg. PA-1-982-402, covering the MicroTouch One Commercial, U.S. Copyright Reg. VA-1-892-726, covering the MicroTouch One Packaging and Instructions, U.S. Copyright Reg. VA-2-000-181, covering the MicroTouch One Packaging Artwork, U.S. Copyright Reg. VA-2-000-168, covering the MicroTouch One Website,  U.S. Copyright Reg. PA-2-074-126, covering the MicroTouch Solo Commercial, U.S. Copyright Reg. VA-2-090-848, covering the MicroTouch | N/A |

|  | Solo Packaging Artwork, U.S. Copyright Reg. VA-2-100-827, covering the MicroTouch Solo Website, U.S. Copyright Reg. PA-1-982-398, covering the MicroTouch Sonic Groom Commercial, U.S. Copyright Reg. VAu-1-142-294, covering the MicroTouch Switchblade Packaging and Instructions, U.S. Copyright Reg. VA-2-014-181, covering the MicroTouch Tough Blade (6 month blade replacement) Packaging Artwork, U.S. Copyright Reg. PA-1-928-588, covering the MicroTouch Tough Blade Commercial, U.S. Copyright Reg. VA-1-945-485, covering the MicroTouch Tough Blade Packaging, U.S. Copyright Reg. PA-2-090-398, covering the MicroTouch Toughblade Pro Commercial, U.S. Copyright Reg. VA-2-129-501, covering the MicroTouch Toughblade Pro Packaging Artwork and Instructions and U.S. Copyright Reg. VA-2-136-738, covering the MicroTouch Toughblade Pro Website |  |
|---|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the MicroTouch Marks and/or MicroTouch Works, and/or products in packaging and/or containing labels bearing the MicroTouch Marks and/or MicroTouch Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the MicroTouch Marks and/or MicroTouch Works and/or products that are identical or confusingly or substantially similar to the MicroTouch Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or | N/A |

| | Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | |
|---|---|---|
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on May 19, 2020 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's MicroTouch Marks and MicroTouch Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

## II.    Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reasonable and Plaintiff is awarded statutory damages against each of the Defaulting

Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act as follows ("Defaulting

Defendants' Individual Damages Award"), plus post-judgment interest calculated pursuant to

the statutory rate, in the amount of fifty thousand dollars ($50,000.00) against each of the one

hundred thirty-one (131) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of

the Lanham Act for a total of $6,550,000.00 (Six Million Five Hundred Fifty Thousand

Dollars).

### III.   Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its

respective officers, agents, servants, employees, successors and assigns and all persons acting

in concert with or under the direction of Defaulting Defendants (regardless of whether located

in the United States or abroad), who receive actual notice of this Order are permanently

enjoined and restrained from:

A.  manufacturing, importing, exporting, advertising, marketing, promoting, distributing,

displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products

or any other products bearing the MicroTouch Marks and/or marks that are confusingly

similar to, identical to and constitute a counterfeiting and/or infringement of the

MicroTouch Marks and/or incorporating the MicroTouch Works and/or artwork that is

substantially similar to, identical to and constitute infringement of the MicroTouch

Works;

B.  directly or indirectly infringing in any manner any of Plaintiff's MicroTouch Marks

and MicroTouch Works;

C.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's MicroTouch Marks and MicroTouch Works to identify any goods or services not authorized by Plaintiff;

D.  using any of Plaintiff's MicroTouch Marks and MicroTouch Works, or any other marks or artwork that are confusingly or substantially similar to the MicroTouch Marks and MicroTouch Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i.   Defaulting Defendants' User Accounts and/or Merchant Storefronts;

  ii.  Defaulting Defendants' Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by

3

Defaulting Defendants and by their respective officers, employees, agents,

servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating

and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other

means of importation, exportation, advertising, marketing, promotion, distribution,

display, offering for sale and/or sale of Counterfeit Products for the purposes of

circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants

must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all

packaging, labels, tags, advertising and promotional materials and any other materials in the

possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's

trademarks, copyrights or other rights including, without limitation, the MicroTouch Marks

and MicroTouch Works, or bear any marks or artwork that are confusingly or substantially

similar to the MicroTouch Marks and MicroTouch Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service

Providers and Financial Institutions are permanently enjoined and restrained from:

A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying

any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants'

Financial Accounts until further ordered by this Court;

B. secreting, concealing, destroying, altering, selling off, transferring or otherwise

disposing of and/or dealing with any computer files, data, business records, documents

or any other records or evidence relating to Defaulting Defendants' Frozen Assets and

Defaulting Defendants' Financial Accounts;

4

C.  knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

A.  providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B.  knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

## IV.    Order Authorizing Continued Alternative Service by Electronic Means

1)  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

## V.    Temporary Continuance of Asset Restraint

1)  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

**VI.**   ~~Post-Judgment Asset Restraint and Transfer Order Pursuant to Rules 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's Inherent Equitable Powers~~

1) ~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Frozen Assets from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting Defendants' Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of Defaulting Defendants' Individual Damages Awards for that Defaulting Defendant, and those Defaulting Defendants' Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiff's counsel of such Defaulting Defendants' Frozen Assets in full satisfaction of Defaulting Defendants' Individual Damages Awards, the Financial Institution(s) holding that Defaulting Defendants' Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendants' Frozen Assets and Defaulting Defendants' Frozen Accounts.  To the extent that Defaulting Defendants' Frozen Assets are less than Defaulting Defendants' Individual Damages Awards, that Defaulting Defendants' Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of Defaulting Defendants' Individual Damages Awards for that Defaulting Defendant and those Defaulting Defendants' Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and~~

2) ~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies~~

6

~~ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendants' Frozen Assets until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Awards owed to it by that Defaulting Defendants under this Order, or until further order of this Court; and~~

3) ~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Awards owed to them by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");~~

   A. ~~Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting~~

~~Defendants' Additional Assets in Defaulting Defendants' Additional Financial~~

~~Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and~~

~~B. After twenty (20) business days following the service of this Order on Financial~~

~~Institutions Holding Defaulting Defendants' Additional Assets and/or Financial~~

~~Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets~~

~~and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional~~

~~Assets to Plaintiff as partial or full satisfaction of Defaulting Defendants' Individual~~

~~Damage Awards, unless Defaulting Defendants have filed with this Court and served~~

~~upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets~~

~~be exempted from this Order.~~

## VII.    Miscellaneous Relief

4) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

5) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

6) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

7)  This Court shall retain jurisdiction over this matter and the parties in order to construe and

   enforce this Order.


**SO ORDERED.**

SIGNED this ___17___ day of _____July_____, 2020,

_____

HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

9